MARGARET FLYNN, as Administratrix of the Estate of JAMES R. FLYNN, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39423.)

RAILI M. LOUSTARINEN, as Administratrix of the Estate of ARTHUR LOUSTARINEN, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 39424.)

Third Department, October 27, 1966.

*Harry H. Lipsig* and *Murray L. Lewis* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Edward A. Shandell, Ruth Kessler Toch* and *Desmond T. Barry* of counsel), for respondent.

STALEY, JR., J. Appeal is taken from an order of the Court of Claims denying claimants' motion to examine before trial the State of New York through its servants, agents and employees having knowledge of the facts in regard to the contract between the State of New York and the United States Government pertaining to the construction of the Cross-Bronx Expressway.

The claims against the State are brought by the administratrices herein for the wrongful deaths of their husbands on August 11, 1959, while they were employed by a subcontractor doing work on the Cross-Bronx Expressway. Actions in Supreme Court, by claimants against the Supervising Engineers employed by the State, resulted in a dismissal of the complaints (*Ramos v. Shumavon,* 21 A D 2d 4, affd. 15 N Y 2d 610) on

the ground that the contract between the Supervising Engineers and the State did not place the engineers in a class of those who could be held liable for failure to perform contractual obligations affirmatively to insure safety of workmen on the job.

The basis of appellants' claims is the negligence of the State in the manner in which it conducted and supervised the contract of the Cross-Bronx Expressway. Appellants held an examination before trial on March 26, 1962, of an employee of the State with knowledge of the facts, and now seek a further examination of the contract provisions between the State and the United States Government providing for supervision of safety features and proper work practices by the State during the construction of the Cross-Bronx Expressway.

Appellants' motion was denied by the Court of Claims on the ground that the State is liable for the proper carrying out of the contract, including the safety of those engaged thereon, and that the Federal Government was not a direct participant in said contract.

It is possible that in consideration of obtaining Federal funds for partial payment of the cost of the construction of the Cross-Bronx Expressway, the State may have obligated itself to provide specific safety measures, and its failure to comply may be held to be negligence as to the appellants' decedents. An examination of the alleged contract to determine the nature and extent of the obligation, if any, that the State assumed for the decedents' benefit, is warranted under a liberal construction of subdivision 2 of section 17 of the Court of Claims Act, and article 31 of the CPLR (*A. G. Concrete Breakers* v. *State of New York*, 4 A D 2d 739; *Di Santo* v. *State of New York*, 22 A D 2d 289).

The respondent's contention that the appellants have already had an examination before trial more than four years prior to the present motion and are, therefore, not entitled to another examination, is overcome by the factual excuse advanced by the appellants that the intervening actions in Supreme Court delayed the prosecution of their claims in the Court of Claims.

The order should be reversed, on the law and the facts, and in the exercise of discretion, and the motion for an examination before trial of the respondent granted.

GIBSON, P. J., HERLIHY and REYNOLDS, JJ., concur; TAYLOR, J., not voting.

Order reversed, on the law and the facts, and in the exercise of discretion, and motion for examination before trial of the respondent granted, with costs.